

| MURIEL GOODE-TRUFANT<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Marina Moraru<br>*Special Assistant Corporation Counsel*<br>Office:  212) 356-2456 |

June 17, 2024

*[Handwritten: Any response is due by 6/20 at 9:00 am.*
*Denise Cote*
*6/18/24]*

**VIA ECF**
Hon. Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

       Re: *R.C. v. New York City Dep't of Educ.*, 24-cv-3000 (DLC)(GS)

Dear Judge Cote:

      I am a Special Assistant Corporation Counsel in the Office of Acting Corporation Counsel, Muriel Goode-Trufant, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), as well as for this action.

      I write to respectfully request a pre-motion conference of Defendant's anticipated motion for an order compelling Plaintiff's counsel, the Law Firm of Irina Roller ("LOIR") to provide, by June 19, 2024, relevant retainer agreement/s.  This is the first request to compel.

      LOIR served the complaint on April 19, 2024.  On May 10, 2024, Your Honor issued a Pretrial Scheduling Order (ECF 5) stating, in part, that " the plaintiff shall produce to the defendant any records or documents necessary to assess the amount of attorney's fees by June 9, 2024." On May 28, Defendant asked LOIR to provide attorney billing records ("ABR") and retainer agreement/s with redactions for parent and minor's personally identifiable information only by June 9, pursuant to Your Honor's May 10, 2024 Order, as well as an extension of the time to respond to the complaint.  On May 30, LOIR advised that Plaintiff consents to the extension and "will provide their settlement demand and supporting documents by Jun 9, 2024 per Judge Cote's Order."  I then filed the extension request on May 31 (ECF 8), which Your Honor granted on June 3 (ECF 9), noting that "the May 10, 2024 Order remains in effect."  LOIR provided ABR on June 9, but not the retainer/s.

      LOIR's history of unreasonable delay is well-established.  In another IDEA fees-only case, *J.A.*, 23-cv-8547 (VEC)(VF), after LOIR refused to provide retainer agreements, Judge Caproni ordered LOIR's client to show cause as to why the retainer agreements should not be provided to Defendant. (ECF No. 12).  When Defendant informed the Court that LOIR had provided heavily redacted retainers, Judge Caproni issued an Order requiring LOIR to provide Defendant with fully unredacted retainer/s, warning Plaintiff's counsel that the Court will consider sanctions "if she engages in further gamesmanship that wastes the Court's time." *See* this Order attached as Exhibit

A. Further, in *L.H.-L. v. N.Y.C. Dep't of Educ.*, 24-cv-775 (VEC), Judge Caproni issued an Order directing Plaintiff to either (a) produce ABR and retainer/s and file via ECF proof that the documents were produced, or (b) show cause why Plaintiff and her attorney should not be required to produce the documents. In *J.F. v. N.Y.C. Dep't of Educ.*, 24-832 (DEH)(GS), Magistrate Judge Stein similarly ordered LOIR to produce retainer/s or show cause why the documents shouldn't be produced.

And in yet another recent LOIR fees case, *S.N. v. N.Y.C. Dep't of Educ.*, 24-cv-854 (MMG)(KHP), Magistrate Judge Parker held a conference on March 12, 2024 on Defendant's motion to compel ABR and retainer agreements, and ordered LOIR to produce retainers stating:

> The terms of the engagement, and what a reasonable client is willing to pay is also, potentially, information in an engagement, and any kind of fee award that looks at the reasonableness of fees -- one component of the *Arbor Hill* test is what a reasonable client would pay, or what this client paid. That's a part of the test for a reasonable award of attorney's fees. So that's why the retainer agreement would be relevant, because it would show what this client was willing to pay.

*See* the transcript attached as Exhibit B (rejecting LOIR's relevancy opposition to the motion).

And as Your Honor will recall, LOIR has an unfortunate history of delay in a case before Your Honor, where LOIR delayed providing ABR beyond the date the Court had ordered, and went on to reject Defendant's reasonable written offer; LOIR's fees motion is now pending in that case. *See M.N. v. N.Y.C. Dep't of Educ.*, 23-cv-7791 (DLC).

In light of LOIR's history of delayed provision retainer agreements, and Your Honor's May 10, 2024 Order, Defendant respectfully requests that the Court hold a pre-motion conference on Defendant's anticipated motion to compel; or alternatively, dispense with a conference and order LOIR to produce retainer agreement/s no later than June 19, 2024.

Thank you for considering these requests.

Respectfully submitted,
/s/ *Marina Moraru*
Marina Moraru, Esq.
Special Assistant Corporation Counsel

cc: Irina Roller (via ECF)

2